25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael GRAHAM, Plaintiff-Appellee,
v.
Bernard VAN OSDALE, jointly and severally in his individual
and official capacity; CARL LOWELL, jointly and
severally in his individual and official
capacity, Defendants-Appellants;
and
City of Niles, jointly and severally in their individual and
official capacity; Niles Police Department,
jointly and severally in their
individual and official
capacities, Defendants.
 No. 92-2491.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Van Osdale and Lowell, pursuant to Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), seek an interlocutory appeal of the district court's order denying their motion for summary judgment on the issue of qualified immunity. The single issue presented by this appeal is whether a reasonable Chief of Police or City Administrator, cognizant of a municipal employee's constitutional right to a pre-suspension hearing under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1984), could have concluded that suspension of the plaintiff without such a hearing was nevertheless legal under the exception applied in FDIC v. Mallen, 486 U.S. 230 (1988). Because the defendant's claim to qualified immunity is based on an unreasonable reading of Mallen, we AFFIRM the district court's decision.
 
 I.
 
 2
 Defendants do not dispute that Graham was suspended without pay and without any prior notice or opportunity to respond. Nor do Defendants dispute that Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-43 (1984), recognizes the right of a municipal employee to notice and an opportunity to respond before being terminated or suspended without pay. Defendants assert, however, that, at the time they suspended Graham, they believed (or, at least, that "a reasonable Chief of Police or City Administrator" could have believed) that Loudermill was only the "general rule" and that the requirement of a pre-suspension hearing could be disregarded on a case-by-case basis whenever the balance between private and governmental interests weighed in favor of an action too prompt to permit such a hearing. As a basis for asserting that their belief was reasonable, defendants cite FDIC v. Mallen, 486 U.S. 230 (1988), which they claim "requires" such ad hoc balancing.
 
 
 3
 In arguing their claims of qualified immunity, defendants rightfully stress that the issue is not whether Mallen actually does control and, thus, no pre-suspension hearing was required. That argument goes solely to liability and has no place in this interlocutory appeal.[1] Rather, the issue is whether reasonable officials in the defendants' positions could have believed that Mallen authorized their actions.
 
 
 4
 The Court in Mallen, however, specifically noted that the plaintiff "does not contend that he was entitled to an opportunity to be heard prior to the order of suspension." Mallen, 486 U.S. at 240. In fact, the very first sentence of the Court's opinion makes clear that "[t]he question presented by this appeal concerns the constitutionality of a statutory provision...." Id. at 231 (emphasis added).[2] Undaunted, defendants cite the following:
 
 
 5
 An important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation.
 
 
 6
 Id. at 240. This is the passage under which defendants now assert they could reasonably have believed their actions were authorized.
 
 
 7
 Defendants' reliance ignores the crucial fact that the FDIC's actions in Mallen were authorized by Congress and it was Congress ' actions which were under review. In each of the three cases cited by the Court as authority for the proposition relied upon by defendants, the hearing-less deprivation was authorized by legislation. See Barry v. Barchi, 443 U.S. 55, 60 (1979) (race horse trainer's license suspended pursuant to New York state law); Dixon v. Love, 431 U.S. 105, 107-08 (1977) (driver's license suspended pursuant to Illinois state law and regulations); North American Cold Storage Co. v. Chicago, 211 U.S. 306, 308-09 (1908) (poultry seized and destroyed pursuant to Chicago ordinance).
 
 
 8
 Thus, the "balancing" approved by the Court in these cases was legislative balancing as to whole classes of deprivations, not the sort of ad hoc, case-by-case balancing in which the defendants engaged. See Mallen, 486 U.S. at 240-41 ("[t]he legislation under scrutiny is premised on the congressional finding that prompt suspension of indicted bank officers may be necessary to protect the interests of depositors and to maintain public confidence in our banking institutions") (emphasis added).
 
 
 9
 It is simply not reasonable, therefore, to believe that Mallen "requires," or even permits, a Police Chief or City Administrator to "balance the private and governmental interests at stake" in deciding whether or not to suspend an officer without pay and without notice or an opportunity to respond. For this reason, we AFFIRM the district court's denial of defendants' qualified immunity claims.
 
 
 
 [1]
 For this reason, most if not all of the appellee's arguments are misplaced. For the same reason, however, we need not consider Van Osdale's and Lowell's argument that the procedures in this case, or lack thereof, comported with the due process standards applied in Buckner v. City of Highland Park, 901 F.2d 391 (6th Cir.1990). Because the district court merely denied defendants' motion for summary judgment and did not grant summary judgment to plaintiff on the issue of whether his suspension without some sort of pre-termination hearing violated due process, that issue is not before us and we express no opinion on it
 
 
 [2]
 The FDIC suspended Mallen from his duties as president of federally insured bank, acting pursuant to its supervisory powers over the nation's federally insured banks and, specifically, the authority granted in 12 U.S.C. Sec. 1818(g)(1) to suspend without notice or hearing any officer or director of an insured institution who was charged with federal felony counts "involving dishonesty or breach of trust."